IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terron Dizzley, | ) | Case No.: 8:20-cv-03590-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Michael Stephon, Warden; Bryan Sterling, | ) | |
| Director of SCDC; Thorton, Nurse; B. | ) | |
| Williams, Grievance Coordinator | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin ("Report and Recommendation" or "Report") made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Terron Dizzley ("Dizzley"), proceeding *pro se* and in forma pauperis, brought this civil action pursuant to 42 U.S.C. § 1983. (DE 1.) Dizzley is an inmate in the custody of the South Carolina Department of Corrections and is presently incarcerated at the Broad River Correctional Institution. Dizzley alleges there was a Covid-19 outbreak, and that he contracted the virus and thereafter was denied medical treatment. The Report and Recommendation recommended dismissal pursuant to 28 U.S.C. § 1915 and § 1915A without leave to amend and without issuance

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

and service of process (DE 29) because Dizzley has failed to state a plausible claim for relief under § 1983. (DE 29.) For the following reasons, the Court adopts the Report.

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute.*'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Dizzley raises several objections concerning previous orders from this Court; notwithstanding, *inter alia* his claims against Defendants Michael Stephon ("Stephon") and Bryan Sterling ("Sterling") pursuant to the Eighth Amendment, Defendant Thorton and the entire medical staff, and Defendant B. Williams (collectively "Defendants"), pursuant to the First and Fourteenth Amendments.[2] Upon review, the Court finds that many of the Dizzley's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. First, Dizzley objects to a previous Magistrate's Order (DE 7) granting him twenty-one (21) days to file an amended complaint because he failed to state sufficient facts to support his claims for relief. This objection is non-

---

[2] Although Dizzley broadly lists the entire medical staff, he does not specify if all the members of the medical staff are named defendants.

2

specific because it was not addressed in the Report; and therefore, it is unrelated to the dispositive and/or at the heart of disputed portions of the Report. Moreover, Dizzley's objection to this Court's adoption of the aforementioned Magistrate's Order (DE 7) overruling Dizzley's objections befalls the same fate because it is equally unrelated to the disputed portions of the Report.

In addition, Dizzley attempts to reargue his grievance claim against Defendant B. Williams but fails to address how the Report's finding that inmates do not have a constitutional right to a grievance process is incorrect as a matter of law. Accordingly, Dizzley's objection is without merit. Lastly, Dizzley's remaining objections, against Stephon, Sterling, and Thorton are non-specific objections because they merely restate his arguments; and therefore, require no explanation.

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 29) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915 and § 1915A without leave to amend and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

July 28, 2021
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Dizzley is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3